NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CARRIE M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.R., V.R., A.R., J.R., P.R., A.R.,
*Appellees.*

No. 1 CA-JV 15-0381
FILED 6-2-2016

Appeal from the Superior Court in Maricopa County
No. JD23726
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Michael F. Valenzuela
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1** Carrie M. ("Mother") appeals the juvenile court's order severing her parental rights to her six children—A.R., V.R., A.R., J.R., P.R., and A.R. (collectively "the Children"), contending the juvenile court erred in finding the Department of Child Safety ("DCS") had proven the statutory grounds for severance by clear and convincing evidence. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** In May 2013, the Children came into care of DCS when they were found neglected by Mother and the Children's father ("Father")[1], and abused by the parents and other adults residing in the home. The children had also witnessed verbal domestic violence between the parents. By the time of removal, Mother had been regularly using illegal substances and alcohol for seven years. Two months later, the juvenile court found the Children dependent as to the parents.

**¶3** DCS offered Mother an array of services and assistance—especially substance rehabilitation services—geared toward reunification. During the first eight months of the dependency proceedings, Mother sporadically participated in the services and frequently tested positive for illegal substances. In May 2014, DCS moved to sever Mother's parental rights; around the same time, Mother enrolled in an in-patient substance rehabilitation program, remaining there until December 2014. While in the program, Mother managed to stay clean from illegal substances and alcohol. But upon release, she relapsed and tested positive multiple times for alcohol and illegal substances, such as cocaine and methamphetamine.

---

[1] Sometime in 2014, Mother and Father, who had not been married, were no longer a couple. In June 2014, Father became homeless and, afterwards, his whereabouts became unknown. He did not appeal and is not party to this appeal.

Her inconsistency in drug testing continued through the beginning of the severance trial.

¶4 Although expected to do so, Mother had not obtained stable housing or employment, either. Since the removal of her children, she had lived with various individuals and in different facilities. As for employment, the longest period of non-seasonal employment she ever held was approximately one year, and that occurred nine years earlier. Mother claimed she had worked at Walmart for three months and was working at a drug rehabilitation center at the time of the severance trial, but could not produce proof of either employment.

¶5 In May 2014, DCS moved to sever Mother's parental rights for neglect, substance abuse, and nine-month out-of-home placement under Arizona Revised Statutes ("A.R.S.") sections 8-533(B)(2), (3), and (8)(a) respectively.[2] Approximately two months later, DCS agreed to continue the case to give Mother more time to work on services. But upon being released from the in-patient program in mid-December 2014, Mother relapsed; accordingly, in April 2015, DCS renewed its motion for severance, including one more ground of fifteen-month out-of-home placement under A.R.S. § 8-533(B)(8)(c). After a bench trial, the juvenile court found DCS had met its burden of proving all of the statutory grounds by clear and convincing evidence and that severance was in the Children's best interests, and ordered the severance.

¶6 Mother timely appealed. We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9; A.R.S. § 8-235(A); and Rule 103(A) of the Arizona Rules of Procedure for the Juvenile Court.

**ANALYSIS**

¶7 We review the juvenile court's order severing a parent's rights for abuse of discretion. *Frank R. v. Mother Goose Adoptions*, 239 Ariz. 184, 190, ¶ 21, 367 P.3d 88, 94 (App. 2016). Parents' rights in the care, custody, and management of their children are fundamental, but not absolute. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24, 110 P.3d 1013, 1018 (2005). A court may sever those rights if it finds clear and convincing evidence of one of the statutory grounds for severance, and finds by a preponderance of the evidence that severance is in the best interests of the children. A.R.S. §§ 8-533(B), -537(B); *Kent K.*, 210 Ariz. at 281–82, 288, ¶¶ 7, 41, 110 P.3d at 1015–

---

[2] Absent material changes after relevant events, we cite a statute's current version.

16, 1022. Mother does not contest the juvenile court's best-interest findings and, accordingly, has waived any argument in that regard on appeal. *See Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459, ¶ 29, 11 P.3d 413, 418 (App. 2000) (stating this court deems issues not clearly raised in appellate briefs waived). On appeal, we will affirm the juvenile court's factual findings if supported by reasonable evidence. *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 93–94, ¶ 4, 210 P.3d 1263, 1264–65 (App. 2009); *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12, 53 P.3d 203, 207 (App. 2002).

**¶8** Mother argues the juvenile court erred in finding DCS met its burden in proving the statutory ground for substance abuse under A.R.S. § 8-533(B)(3), as well as neglect under § 8-533(B)(2) and nine- and fifteen-month out-of-home placement under § 8-533(B)(8)(a) and (c). Section 8-533(B)(3) provides,

> Evidence sufficient to justify the termination of the parent-child relationship shall include any one of the following, and in considering any of the following grounds, the court shall also consider the best interests of the child:
>
> . . .
>
> 3. That the parent is unable to discharge parental responsibilities because of mental illness, mental deficiency or a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period.

**¶9** Mother contends DCS failed to prove by clear and convincing evidence all provisions of this statute because it only showed Mother had previously abused dangerous drugs. The only support for this contention is her assertion that she had improved significantly from a daily user to mostly staying clean from illegal substances. The evidence in the record demonstrates otherwise, however. Mother not only had a significant history of substance abuse, but also, throughout the dependency, sporadically participated in the substance rehabilitation programs. She frequently tested positive for illegal substances and alcohol, except the period of time from May to December 2014. Episodic abstinence from drugs and alcohol, however, does not outweigh a parent's significant history of abuse or inability to abstain. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29, 231 P.3d 377, 383 (App. 2010). Further, that

brief period of sobriety happened when she was in an in-patient environment—not a non-custodial, unstructured setting in which a mother would be expected to raise her children. It therefore did not demonstrate that her condition of substance abuse was or would be cured in the near future, and that she could safely discharge her parental responsibilities. Therefore, the juvenile court did not err in finding DCS met its burden of proof on the substance abuse ground.[3]

¶10        Mother has waived her arguments regarding the best interests; reasonable evidence nevertheless supports the juvenile court's finding that severance was in the best interests of the Children. On this record, all of the Children were in placements that provided for their physical, mental, and emotional needs, and were willing to adopt and continue to provide for them. Further, the children's interest in permanency must prevail over the parent's uncertain, long-standing battle with drugs. *Id.* Accordingly, the juvenile court did not abuse its discretion in ordering the severance.

## CONCLUSION

¶11        The juvenile court's order severing Mother's parental rights is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: AA

---

[3]        We do not address Mother's arguments on other statutory grounds, as we have concluded the juvenile court did not err in finding the substance abuse ground. *See Jesus M.*, 203 Ariz. at 280, ¶ 3, 53 P.3d at 205 (stating this court need not address claims pertaining to other statutory grounds once clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance).